IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LESLIE J. GAINES, | ) | No. C 11-2124 JSW (PR) |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL WITH** |
| v. | ) ) | **LEAVE TO AMEND** |
| A. HEDGEPETH, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, filed this rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* in a separate order. The Court now reviews the complaint and dismisses with leave to amend.

**DISCUSSION**

I.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not

necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.     <u>Legal Claims</u>

Plaintiff alleges that in 2007 he arrived at Salinas Valley State Prison and sought dental care. He complains that he paid for new "teeth" but never received them, and when he complained to prison officials, he was "retaliated" against by being told that he needed to have all of his teeth removed and replaced. According to Plaintiff, he was then seen by another dentist who made an unwanted sexual advance towards him. He alleges that he still has not received adequate dental care, cannot chew his food, and is thus not receiving the nutrition he needs.

Plaintiff has named six prison officials as defendants, but he has not alleged what role any of them played in his allegations. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). At the pleading stage, "[a] plaintiff must allege facts, not

simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff has not alleged which defendants were involved in providing him with inadequate dental care or retaliating against him, or how they did so. He has also not alleged who made the unwanted sexual advance towards him. As a result, his complaint does not allege how the named defendants caused the claimed deprivations of his constitutional rights, and must be dismissed.

Plaintiff will be given leave to amend to cure this deficiency. If he fails to do so, this case will be dismissed.

## CONCLUSION

1. The complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint within ***thirty (30) days from the date of this order***. The amendment must include the caption and civil case number used in this order and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original or amended complaints by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action</u>.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: May 31, 2011

JEFFREY S. WHITE
United States District Judge