1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LESLIE J. GAINES,                              )      No. C 11-2124 JSW (PR)
                                               )
                    Plaintiff,                 )      **ORDER OF SERVICE**
                                               )
             v.                                )
                                               )
A. HEDGEPETH, et al.,                          )
                                               )
                    Defendants.                )
_____ )

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this rights action pursuant to 42 U.S.C. § 1983. The complaint was dismissed with leave to amend, and plaintiff filed an amended complaint. The Court now reviews the amended complaint and orders it served upon certain Defendants.

## DISCUSSION

I.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not

necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'"" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.     Legal Claims

        In his original complaint, Plaintiff claimed that he received inadequate dental care at Salinas Valley State Prison, where he has been housed since 2007, and that one dentist made an unwanted sexual advance towards him.  The complaint was dismissed because it failed to allege what role any of the defendants played in the alleged violation of Plaintiff's rights.  *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (at pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights").  He was given leave to amend to cure this deficiency.

        Plaintiff's amended complaint has nine named defendants and two unnamed defendants.  He makes no allegations about defendants Adamo, Dr. Scanlon, Dr. Mack, or Dr. Callinan, or how they were involved in or caused the alleged violation of his rights.  This is the same problem that the original complaint suffered from, and Plaintiff

was advised that his failure to cure this deficiency would result in the dismissal of his claims.  Consequently, the claims against defendants Adamo, Scanlon, Mack and Callinan will be dismissed.

Plaintiff alleges that defendant Dr. Lee denied requests for dental care that Plaintiff made in administrative appeals, even though Plaintiff told him that he could not chew his food.  Plaintiff also alleges that defendants Dr. Kumar, a dentist, and K. Blue, a dental assistant, failed to provide adequate dental care to Plaintiff at California State Prison, Lancaster, where Plaintiff was housed prior to his transfer to SVSP in December 2007.  When liberally construed, plaintiff's allegations against these defendants state a cognizable claim for the violation of his Eighth Amendment right to be free from cruel and unusual punishment.

Plaintiff alleges that defendant Hedgepeth, the SVSP Warden, failed to properly supervise and monitor the SVSP dental staff, and failed to implement adequate policies regarding dental care, which led to Plaintiff's receiving inadequate care.  When liberally construed, this claim is cognizable.

Plaintiff alleges that defendants Blue and White verbally harassed him, which is not a cognizable claim under Section 1983.  *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997).  Consequently, this claim will be dismissed.  Plaintiff also includes allegations that a Dr. Newton made an unwanted sexual advance toward him.  Plaintiff does not name Dr. Newton as a defendant, however, nor does he state where or when this occurred.

## CONCLUSION

1.  The claims against defendants Adamo, Mack, Scanlon, Callinan, and White are DISMISSED.

2.  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the Amended complaint and all attachments thereto, and a copy of this order upon Defendants: **Warden Anthony Hedgepeth and Dr. Charles Dudley Lee** at **Salinas Valley State Prison**; and upon **Dr.**

**V. Kumar** and **K. Blue** at **California State Prison, Lancaster**.

The Clerk shall also mail a courtesy copy of the complaint and this order to the California Attorney General's Office.

The Clerk shall also serve a copy of this order on Plaintiff.

3.  In order to expedite the resolution of this case, the Court orders as follows:

a.  No later than **ninety (90) days** from the date this order is filed, Defendants shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due**.

All papers filed with the Court shall be promptly served on the Plaintiff.

b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date of service of the motion.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)."  *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003)

c.  Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

4.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

5.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

6.  All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

7.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  September 8, 2011

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LESLIE J. GAINES JR.,

          Plaintiff,

   v.

HEDGPETH et al,

          Defendant.

_____/

Case Number: CV11-02124 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 8, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Leslie J. Gaines
T42948
P.O. Box 1050
Soledad, CA 93960

Dated: September 8, 2011

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk